IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELBERT MELTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-641-RAH-JTA |
| | ) | |
| BILL RAFFERTY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Complaint filed by *pro se* Plaintiff Elbert Melton, Jr. (Doc. No. 1.) Also, before the Court is Melton's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 2.) This action has been referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 4.)

For the reasons stated below, the undersigned concludes that Melton's Motion for Leave to Proceed *In Forma Pauperis* is due to be granted and this action is due to be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  **STANDARD OF REVIEW**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789

F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

      Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch.*

*Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.     JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Melton alleges a claim under 42 U.S.C. § 1983.

## III.     DISCUSSION

A.     Melton's Motion for Leave to Proceed *In Forma Pauperis*

Melton's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) is sufficient to establish that he is entitled to proceed *in forma pauperis*. It is due to be granted.

B.     Melton's Complaint

Construing the Complaint liberally, Melton sues Officer Bill Rafferty in a civil rights action seeking damages for a false arrest in violation of his Fourth Amendment rights.[1] Melton alleges the following facts:

> Officer Rafferty stated I committed crime of theft and arrested me on [April 21, 2017] 2N 13A-008-004 Felony. Ethics committee dismissed this on [February 27, 2018.] He also took my car 2009 Ford Crown Vic vin #2FANP71V19X119679. Rafferty had a piece of paper rolled up and pushed me in my chest and said[,] "if you don't think we will put you in jail ask Governor Don Singleman." Rafferty was the reporting officer and the investigator. He accused me of locking the council members out of the town hall building. Then they took the keys to the building and city truck from me. Then I had to use my personal vehicle for the towns work.

(Doc. No. 1 at 1-2 (sic).) For relief, Melton seeks "$1 million dollars." (*Id*. at 3.)

---

[1] Even if the undersigned construed the Complaint as a trespass to person or liberty under Alabama tort law, Melton's claim would still be time-barred by the governing six-year statute of limitations pursuant to Ala. Code § 6-2-34(1) (1975).

Melton's constitutional claim is barred by Alabama's "residual" statute of limitations and, therefore, must be dismissed. Ala. Code § 6-2-38 (1975). Constitutional claims brought under § 1983 are characterized as "tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). To reflect the diversity of § 1983 claims and to avoid risk of confusion, the Supreme Court held that "[w]here state law provides multiple statutes of limitations for personal injury actions, courts … should borrow the State's general or residual personal injury statute of limitations." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Pursuant to Ala. Code § 6-2-38(l), Alabama's "residual" statute of limitations for personal injury actions is two years from the date the cause of action accrues. *Boyd*, 856 F.3d 853 at 872 (citing Ala. Code § 6-2-38 (1975)).

The statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). *See also Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) ("the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights") (citation omitted). According to the Complaint, Melton was falsely arrested on April 21, 2017. (Doc. No. 1 at 2.) Therefore, the statute of limitations began to run on April 21, 2017, and expired on April 21, 2019. Melton filed this § 1983 claim in November 2023, more than four years

6

later. Because Melton filed his action too late, his § 1983 claim is time barred and must be dismissed.

Further, Melton should not be afforded an opportunity to amend because such opportunity is not necessary where, as here, allowing the opportunity to amend would be futile. *Emrit*, 829 F. App'x at 477; *Nezbeda*, 789 F. App'x at 183; *Cornelius*, 585 F. App'x at 1000. Allowing Melton an opportunity to amend his Complaint would not cure the statute of limitations bar, thus amendment is not warranted.[2]

### IV.   CONCLUSION

Accordingly, it is ORDERED that Melton's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) is GRANTED.

In addition, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **April 25, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

---

[2] Despite this Recommendation, if Melton wishes to address the deficiencies in his Complaint, he is not without recourse prior to dismissal. He "will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct.*, No. 2:19-cv-281-MHT-WC, 2020 WL 2744116, at *6 n.3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19-cv-281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of April, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE